CORRECTED: MAY 10, 2016
RENDERED: MARCH 17, 2016
TO BE PUBLISHED

**Supreme Court of Kentucky**

2015-SC-000606-MR

NORTON HOSPITALS, INC., D/B/A                                    APPELLANT
NORTON HOSPITAL

|  | |
|---|---|
| V. | ON APPEAL FROM COURT OF APPEALS<br>CASE NO. 2015-CA-001324-OA<br>JEFFERSON CIRCUIT COURT NO. 14-CI-005410 |

HONORABLE BARRY L. WILLETT, JUDGE,                              APPELLEE
JEFFERSON CIRCUIT COURT, DIVISION I

AND

THOMAS K. ELLIOTT, AS CONSERVATOR          REAL PARTIES IN INTEREST
OF THE ESTATE OF PRATIKSHYA
GURUNG, A MINOR, PARMILA GURUNG,
AND KHADGA GURUNG


**OPINION OF THE COURT BY CHIEF JUSTICE MINTON**

**REVERSING AND REMANDING**


Pratikshya Gurung[1] was born with brain damage and quadriplegia,
among other conditions, resulting in the filing in the circuit court of a medical
negligence action against Norton Hospital. This case is before us on appeal
from the Court of Appeals' dismissal as moot of a writ action filed by Norton

---

[1] Because of Gurung's status as a minor, we will refer to Gurung as "the
Estate."

over a discovery dispute with the Estate. We reverse the dismissal and remand to the Court of Appeals for further review.

During the course of routine discovery, the Estate requested production from Norton of various hospital documents relating to patient safety—documents Norton is required by law to create and maintain. These documents involve the post-occurrence review and peer-review process. Norton argued the documents were protected under federal law.[2] The Estate sought and received from the trial court an order compelling Norton to produce the documents. Consistent with our recent decision in *Tibbs v. Bunnell*,[3] the trial court conducted an in-camera review of the documents and determined they were not privileged.

While the parties were litigating over whether the patient-safety documents were discoverable, other discovery proceeded. The trial court's order compelling the production of the disputed documents and denying Norton's privilege claim was entered August 31, 2015. A nurse who treated Gurung during her time at Norton was scheduled to be deposed on September 2. On September 1, Norton filed in the Court of Appeals a petition for a writ of prohibition as well as a request for emergency relief, *i.e.*, an order staying execution of the trial court's discovery order. Norton notified the Estate and the trial court of this filing with the Court of Appeals.

In response to Norton's maneuvers, the Estate sought and received an emergency hearing with the trial court on September 1. The primary—if not

---

[2] *See* 42 U.S.C. § 299b-22(a).

[3] 448 S.W.3d 796 (Ky. 2014).

sole—purpose of the hearing was to determine if the nurse's deposition scheduled for the following day could proceed as scheduled. The Estate made clear that the deposition had been scheduled for months and any further delay would be lengthy because the nurse was pregnant and nearing her delivery date. The Estate argued that even though it wanted to use the disputed documents at the nurse's deposition it mostly wanted the deposition to proceed with or without the disputed documents.

Norton was unable to get a hearing on its emergency motion in the Court of Appeals before the Estate's emergency hearing with the trial court. After hearing arguments, the trial court ruled that the nurse's deposition should proceed as scheduled and the disputed documents should be provided to the Estate. The trial court then literally took matters into its own hands and handed the copies of the disputed documents Norton had submitted for in-camera review directly to counsel for the Estate, in open court and on the record.

The Court of Appeals later dismissed Norton's writ petition as moot "because the issue Norton raised [was] resolved below, and because [the] Court [could not] grant meaningful relief to either party." Norton appeals that decision to this Court as a matter of right.[4]

At the outset, we should be clear about the issue Norton now places before us. Norton, of course, sought a writ in the Court of Appeals. A writ is

---

[4] Kentucky Rules of Civil Procedure (CR) 76.36(7)(a) ("An appeal may be taken to the Supreme Court as a matter of right from a judgment or final order in any proceeding originating in the Court of Appeals."); *see also* Ky. Const. § 115 ("In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court. . . .").

an extraordinary use of our discretionary authority—one that we are "cautious and conservative both in entertaining petitions for and in granting such relief."[5] Obviously the Court of Appeals' decision is appealable to this Court, but in this particular case, while a party is appealing from an adverse ruling on its writ petition, we have a wholly insufficient record to review. And Norton does not request a writ of prohibition from this Court. So our review of the Court of Appeals' decision is not through the lens of our writ jurisprudence.

A case becomes moot when a rendered judgment "cannot have any practical legal effect upon a *then* existing controversy."[6] And "[t]he general rule is, and has long been, that where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed."[7] This is essentially what the Court of Appeals did below. Were we to rule that the Court of Appeals was erroneous, it is arguable whether or not we can afford meaningful relief. We have repeatedly recognized that allegedly privileged information, once disclosed, cannot be rendered undisclosed. On its face, the trial court's decision to hand-deliver the disputed documents to the Estate's counsel perhaps did render this action moot.

The problem with this somewhat simplistic view of the instant circumstances lies with the bedrock principle that a privilege is personal and

---

[5] *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961).

[6] *Benton v. Clay*, 233 S.W. 1041, 1042 (Ky. 1921) (citation and internal quotation marks omitted).

[7] *Morgan v. Getter*, 441 S.W.3d 94, 99 (Ky. 2014) (quoting *Louisville Transit Co. v. Dep't of Motor Transp.*, 286 S.W.2d 536, 538 (Ky. 1956)).

4

can only be waived by the party claiming the privilege. To the contrary, the trial court, in essence, waived Norton's claim of privilege by literally providing the Estate with the documents claimed to be privileged.[8] The trial court's act does not resolve any legal issue—in fact, it creates more questions than answers. A live legal controversy existed when Norton sought relief in the Court of Appeals. For us to hold otherwise would be to dilute the role of privilege in the discovery process and wrest control of the privilege from the party asserting its application.

To our knowledge, we have never dealt with similar conduct by a trial court. We appreciate the special circumstances confronting the trial court[9] and the trial court's attempt to act promptly and equitably. But it is important to emphasize that the trial courts are "not in the document delivery business; instead, they are in the business of ruling on document delivery motions."[10] The responsibility to produce documents lies with the parties and the parties alone. It is problematic for trial courts to surrender control of the documents in this manner for a couple of reasons.

---

[8] *See Commonwealth v. Barroso*, 122 S.W.3d 554, 557 (Ky. 2003) ("We conclude that her compelled testimony did not constitute a voluntary waiver of the privilege."); *see also* Kentucky Rules of Evidence (KRE) 509; KRE 510(1) ("A claim of privilege is not defeated by a disclosure which was compelled erroneously . . . .").

[9] At the time the Estate's emergency motion was heard by the trial court, the nurse who was to be deposed was 7.5 months pregnant. Her deposition had been scheduled by the Estate for months, and the Estate was concerned it would be many more months before the deposition could occur if the trial court did not order it to proceed. Also during this time, Norton's counsel was focused on her child's serious illness, the progress of discovery. The case had pended for under a year, but the nurse's deposition and the documents at issue had been a source of contention among the parties for some time.

[10] *In re Grand Jury Subpoeana*, 190 F.3d 375, 387 (5th Cir. 1999).

First of all, it raises unnecessary questions about the record. By handing over the documents that were produced for in-camera review, the trial court created a gap in the record. Here, the trial court recognized this and asked the Estate's counsel to make copies of the documents and return the original versions to the trial court. This is simply not good practice—a trial court should demand that the parties produce documents to one another because this keeps the record intact while preserving a party's right to refuse production or face appropriate consequential sanctions.

Second, and most importantly, the trial court's production of the documents in conjunction with the Court of Appeals' decision effectively precludes a party from challenging a trial court's privilege ruling. A trial court's ruling on an asserted privilege should not be insulated from review. A question of privilege is of critical importance—so much so that we have recognized routinely that it is worthy of our writ authority. In fact, privilege rulings are virtually the only circumstances we have recognized worthy of our "certain special cases exception" because a "substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration."[11]

The merit, or lack thereof, of Norton's privilege argument is secondary in the context of the potential damage the lower courts' ruling could work on our system of justice. Best practice dictates that when a trial court "conducts in-

---

[11] *Caldwell v. Chauvin*, 464 S.W.3d 139, 145 (Ky. 2015) (quoting *Bender*, 343 S.W.2d at 801)).

camera review of documents, determines that production is appropriate and so orders, it should, as a matter of course, provide the [party] who submitted the documents for in-camera review an opportunity to comply with the court's order or stand in contempt."[12]

Our holding today should not be read to say that a trial court cedes jurisdiction when a party files a writ petition challenging a privilege ruling—far from it. A trial court retains jurisdiction over the case and its discovery methodology despite a pending writ. But a trial court must respect the writ process and the party's right to proceed in that manner. Discovery in this case did not have to stop because of Norton's writ petition. In fact, the Estate requested the trial court compel the nurse's deposition to proceed even without the challenged documents. This was permissible. The trial court simply cannot participate itself in discovery and produce documents that a party alleges are privileged in the face of a writ challenging the trial court's determination that they are not privileged.

No doubt a live legal controversy has existed throughout the instant proceedings; yet, this all begs the question: even in the face of a live legal controversy, what remedy could the Court of Appeals have provided Norton? Most case law in this area stems from allegedly privileged material seized unlawfully through, for example, an unconstitutional search.[13] In those

---

[12] *In re Grand Jury Subpoena*, 190 F.3d at 388. The Fifth Circuit, in *In re Grand Jury Subpoena*, noted that "Physically returning the documents to the owner or custodian is not paramount here. What matters is that the district court allow the individual some opportunity, on the record, to accept compliance with the court's order or stand in contempt." *Id.* at 388 n.14. We agree.

[13] *Carrier v. Commonwealth*, 142 S.W.3d 670, 681 n.28 (Ky. 2004) (Keller, J., dissenting).

situations, courts have recognized that either returning the challenged documents or suppressing evidence obtained from those documents, or both, is appropriate.[14] We acknowledge that the case law does not dovetail precisely with the instant situation—the differences in criminal and civil proceedings being what they are—but we see little reason not to recognize these available options in the rare circumstances presented here. In the end, "[o]nce the information is furnished it cannot be recalled"[15]; but, these remedies provide some measure of recourse where the trial court erroneously waived a party's privilege by disclosing the documents in issue. This does not alter our case law holding that a party seeking a writ from an order compelling discovery does not have an adequate remedy by appeal. That remains true. Our decision today should be limited to the unique circumstances presented.

The Court of Appeals abused its discretion because its decision was not based on sound legal principles.[16] Norton's writ action is not moot because relief can still be afforded. It is true that the documents Norton alleges are privileged have now been provided to the Estate, but options remain. We remand the matter to the Court of Appeals for consideration of Norton's asserted privilege in light of our decision in *Tibbs v. Bunnell.*

---

[14] *See National City Trading Corp. v. United States*, 635 F.2d 1020, 1026 (2d.Cir. 1980) ("To the extent that the files obtained here were privileged, the remedy is suppression and return of the documents in question, not invalidation of the search.") (citations omitted).

[15] *Bender*, 343 S.W.2d at 802.

[16] *See Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) ("The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.") (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

All sitting. All concur.


COUNSEL FOR APPELLANT:

Beth Hendrickson McMasters
Noelle Bryant Haegele
McMasters Keith Butler, Inc.

Wesley Reed Butler
Chelsea Hayes
Benjamin M. Fiechter
Barnett Benvenuti & Bulter, PLLC.


Barry Lee Willett, Judge, Jefferson Circuit Court, Division 1

COUNSEL FOR REAL PARTY IN INTEREST, THOMAS K. ELLIOTT, AS
CONSERVATOR OF THE ESTATE OF PRATIKSHYA GURUNG, A MINOR,
PARMILA GURUNG, INDIVIDUALLY, AND KHADGA GURUNG

Larry B. Franklin
Kelly Jo Brownfield
Patrick John Smith
Franklin Law Group

# Supreme Court of Kentucky

2015-SC-000606-MR

NORTON HOSPITALS, INC., D/B/A NORTON                 APPELLANT
HOSPITAL

ON APPEAL FROM COURT OF APPEALS
V.                      CASE NO. 2015-CA-001324-OA
          JEFFERSON CIRCUIT COURT NO. 14-CI-005410

HONORABLE BARRY L. WILLETT, JUDGE,                   APPELLEE
JEFFERSON CIRCUIT COURT, DIVISION I

AND

THOMAS K. ELLIOTT, AS CONSERVATOR OF       REAL PARTIES IN INTEREST
THE ESTATE OF PRATIKSHYA GURUNG, A
MINOR, PARMILA GURUNG, AND KHADGA
GURUNG

## ORDER

The Opinion of the Court rendered March 17, 2016, is corrected on its face by

substitution of the attached opinion in lieu of the original opinion. Said correction does

not affect the holding of the original Opinion of the Court.

ENTERED: May 10, 2016

CHIEF JUSTICE JOHN D. MINTON, JR.