Keith BELT, Appellant

v.

COMMONWEALTH of Kentucky, CAB-
INET FOR FAMILIES AND CHIL-
DREN, and Pamela A. Belt, Appellees

NO. 2016-CA-000838-ME

Court of Appeals of Kentucky.

JUNE 2, 2017; 10:00 A.M.

BRIEFS FOR APPELLANT: Emily Holt Rhorer, Assistant Public Advocate, Frankfort, Kentucky.

BRIEF FOR APPELLEE: Andy Beshear, Attorney General of Kentucky, Todd D. Ferguson, Assistant Attorney General, Frankfort, Kentucky.

BEFORE: JONES, J. LAMBERT, AND MAZE, JUDGES.

OPINION AND ORDER

LAMBERT, J., JUDGE:

Keith Belt appeals from the Webster Family Court's order, entered May 17, 2016, finding him in contempt for his continued failure to pay ordered child support. The court's order sentenced Belt to a term of one hundred eighty days' imprisonment with work release. The order further provided that Belt would be able to purge himself of contempt by paying a cash bond in the amount of $4,400.00, which was approximately half of his total arrears at the time of his contempt hearing. Because the full amount of the cash bond was paid, thus purging the contempt charge, we order this appeal to be dismissed as moot.

## I. BACKGROUND

Belt has three children in common with his former spouse, Pamela Belt. In July 2005, Pamela Belt filed for child support through the office of the Webster County Attorney. At the time, Belt was incarcerated at Eastern Kentucky Correctional Complex in West Liberty, Kentucky. In its order entered February 7, 2006, the Webster Family Court declined to address the issue of support, due to Belt's incarceration, but it indicated child support would be retroactive from the date of entry of the order. Belt was released from prison approximately one year later, and the court issued an order addressing child support.

The record reflects that Belt has rarely, if ever, made the full monthly payment due and has been continually in arrears since the first support order. Belt's support payments were sporadic at best, undoubtedly exacerbated by his subsequent periods of incarceration. The Commonwealth frequently brought motions for contempt, based upon Belt's continuing failure to pay his ordered monthly support and his failure to make payments toward his arrears. Belt was largely able to avoid contempt by making small payments toward his obligations.

On April 8, 2016, the Commonwealth filed a motion for contempt, stating as grounds that Belt's last payment was on March 12, 2016, and that he paid only $75.00. Furthermore, the Commonwealth averred that, as of March 31, 2016, Belt owed an arrearage in the amount of $8,570.68. The family court held a hearing on this matter on May 16, 2016. Belt was the only witness to testify. Belt testified that his child support payment was $374.53 per month, and that he was currently working in construction for thirty to forty hours per week. He testified his average income was about $1,200 per month, and

after paying for rent, utilities, and food, he had approximately $200 left over every month for other expenses. Belt does not own a vehicle, and he was only able to work his construction job because the owner of the company, Verl Scheer, picks him up at his home. He testified that Scheer's construction company is a new venture, and that he expects to make more money eventually, as the company establishes itself. When the Commonwealth asked why he has only paid about 25% of what he owed over the last six months, Belt replied, "I can't pay what I don't got." Belt then explained that his inability to gain full-time employment was not due to a health problem, but was instead a transportation problem. Belt asserted he could not afford the costs of owning and operating a vehicle, thus limiting his ability to work, which in turn limited the amount he could earn and pay toward his debts.

The family court did not find Belt's explanation persuasive, stating that everyone has bills to pay, and the court was obligated to enforce its orders. The Commonwealth asked for a period of incarceration, "since we don't know what else it's going to take to get Mr. Belt's attention that child support is an important issue." At the time of the hearing, Belt's arrearage amounted to $8,945.21. The court found Belt in contempt and ordered incarceration for 180 days, subject to work release. In setting the amount to purge contempt, the court agreed with the Commonwealth on a cash bond of $4,400, or approximately half the current arrearage, despite Belt's contention that he could not pay such an amount. The family court thereafter entered an order on May 17, 2016, consistent with its findings during the contempt hearing. This appeal follows.

## II. ANALYSIS

 Belt argues on appeal that the family court erred by incarcerating him for contempt and setting a purge amount beyond his current ability to pay. Courts have the inherent power to enforce their judgments, via the incarceration of one found in contempt of a lawful court order. *Lewis v. Lewis*, 875 S.W.2d 862, 864 (Ky. 1993). However, "[t]he contempt power should not be used to require the doing of an impossible thing." *Id.* (citation omitted). The failure to pay court-ordered child support is an example of civil contempt, *id.* at 863, and "the defining characteristic of civil contempt is the fact that contemnors carry the keys of their prison in their own pockets." *Blakeman v. Schneider*, 864 S.W.2d 903, 906 (Ky. 1993). Family courts must make findings of fact with regard to a defendant's ability to pay his support obligation; if he is "unable to satisfy the judgment at the time he was adjudged in contempt this would constitute a valid defense." *Clay v. Winn*, 434 S.W.2d 650, 652 (Ky. 1968).

 However, before we may analyze the validity of the family court's order, we must be certain an actual case or controversy exists. Approximately seventeen days after Belt filed his notice of appeal in this case, Verl Scheer paid the $4,400 cash bond pursuant to the contempt order. Insofar as we have the ability to determine, this purges the contempt order and moots the issue on appeal.

A case becomes moot when a rendered judgment cannot have any practical legal effect upon a *then* existing controversy. And [t]he general rule is, and has long been, that where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed. *Norton Hosps., Inc. v. Willett*, 483 S.W.3d 842, 845 (Ky. 2016) (citations and internal quotation marks omitted). Courts have "no jurisdiction to decide issues which do not derive from an actual case or controversy."

*Commonwealth v. Hughes*, 873 S.W.2d 828, 829 (Ky. 1994). Although the parties do not brief this issue, it is one that we cannot simply ignore. "[A]ppellate courts are obligated to address jurisdictional issues *sua sponte* if necessary." *Walsh-Stender v. Walsh*, 307 S.W.3d 127, 128 n.3 (Ky. App. 2009) (citing *Kentucky High School Athletic Ass'n v. Edwards*, 256 S.W.3d 1, 4 (Ky. 2008)).

A technically moot issue may nonetheless be subject to appellate review under certain exceptions outlined in *Morgan v. Getter*, 441 S.W.3d 94, 99-100 (Ky. 2014). The only exception that appears as though it may be relevant under the circumstances is that the injury is "capable of repetition, yet evading review." *Id.* at 100 (quoting *Lexington Herald–Leader Co., Inc. v. Meigs*, 660 S.W.2d 658 (Ky. 1983)). This exception "has two elements: (1) the challenged action must be too short in duration to be fully litigated prior to its cessation or expiration, and (2) there must be a reasonable expectation that the same complaining party will be subjected to the same action again." *Id.* (citation omitted). Although Belt has an extensive history as the subject of contempt motions, we have no reason to believe the family court will, in the future, disregard the requirements for civil contempt set forth under *Lewis*, *Blakeman*, and *Clay*, discussed *supra*.

## III. ORDER [1]

There being no justiciable controversy, it is hereby ORDERED that this appeal is DISMISSED as moot.

ALL CONCUR.

---

**M.P.R.**, Appellant

v.

---

1. Parties should take note that this decision is designated an "opinion and order" and therefore falls under Kentucky Rules of Civil Procedure (CR) 76.38. Petitions for rehearing are thus not authorized under CR 76.32(1)(a).