RENDERED:  MARCH 14, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1422-MR

CHRISTINA HOLT TAYLOR                                   APPELLANT


APPEAL FROM WARREN FAMILY COURT
v.       HONORABLE CATHERINE R. HOLDERFIELD, JUDGE
ACTION NO. 16-CI-01055


TAD DIRK TAYLOR                                          APPELLEE


OPINION AND ORDER
DISMISSING AS MOOT

** ** ** ** **

BEFORE:  CETRULO, L. JONES, AND TAYLOR, JUDGES.

JONES, L., JUDGE:  Christina Holt Taylor, *pro se*, appeals from a decision of the

Warren Family Court modifying timesharing.  We dismiss the appeal as moot.

In November 2023, the Family Court granted Tad Taylor's motion to

modify timesharing with the parties' younger child (the oldest child having already

reached the age of majority).  Previously, Christina was entitled to four hours per

week of unsupervised timesharing, but the modified timesharing schedule granted

her timesharing only at joint therapy sessions with the child. Dissatisfied, Christina filed this appeal.

Christina's brief contains extended discussions of matters not germane to the limited issue presented in this appeal. We understand her frustration with the unusually pointed nature of some of the Family Court's findings. However, the sole issue properly before us is the propriety of the timesharing modification.

Precedent holds that a case is moot if "a rendered judgment cannot have any practical legal effect upon a *then* existing controversy." *Norton Hosps., Inc. v. Willett*, 483 S.W.3d 842, 845 (Ky. 2016) (emphasis original) (internal quotation marks and citation omitted). If an event occurs during the pendency of the appeal "which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed." *Id.* (internal quotation marks and citation omitted). *See also Morgan v. Getter*, 441 S.W.3d 94 (Ky. 2014).

Here, it appears uncontested that the child who is the subject of the timesharing order turned 18 in June 2024, during the pendency of this appeal. The age of majority in Kentucky is eighteen, absent a qualifying disability. Kentucky Revised Statute (KRS) 2.015. Christina has not argued that this child has a qualifying disability. The statute governing modification of visitation or timesharing refers repeatedly to a "child." KRS 403.320. A legal adult is not a

child. Thus, the timesharing order at issue is moot because there is no ongoing controversy given that a parent does not have a right to enjoy timesharing with a legal adult. *See Anderson v. Johnson*, 350 S.W.3d 453, 456 (Ky. 2011) (holding that "by saying that a timesharing modification can be done 'whenever' it is in the best interests of the *child* to do so, the legislature effectively gave the family court continuing jurisdiction to hear such motions until the child reaches the age of majority or is emancipated") (emphasis original) (footnote omitted ).

A court lacks jurisdiction "to decide issues which do not derive from an actual case or controversy." *Belt v. Commonwealth Cabinet for Families and Children*, 520 S.W.3d 406, 408 (Ky. App. 2017) (internal quotation marks and citation omitted). There is no longer an actual case or controversy here since the child who is the subject of the timesharing modification at issue has reached the age of majority. Therefore, as Christina admits, this appeal is moot.

The facial mootness of this appeal was obvious when we reviewed Christina's brief. However, out of a sense of fairness and an abundance of caution, we issued a show cause order to give her the opportunity to explain why she believes this appeal should not be dismissed. Christina's response asks us to apply the public interest exception to the mootness doctrine. We decline to do so.

"To apply the 'public interest' exception to mootness, the reviewing court must find three elements present: (1) a question involving a public nature;

-3-

(2) a need for an authoritative determination for the future guidance of public officers; and (3) a likelihood of future reoccurrence of the question." *Commonwealth v. Collinsworth*, 628 S.W.3d 82, 87 (Ky. 2021). Applying the public interest exception in lieu of dismissing a moot appeal should occur only in "rare" cases involving "great public interest . . . ." *Commonwealth by Breckinridge v. Woods*, 342 S.W.2d 534, 535 (Ky. 1961). As the party seeking to apply the exception, Christina must show that this is among the rare cases where all three elements "clearly" have been satisfied. *Commonwealth v. Stevens*, 489 S.W.3d 755, 760 (Ky. App. 2016).

Arguably, the third element is satisfied because there will be future occasions when a Family Court modifies timesharing with a child who is nearly a legal adult. However, we do not perceive that Christina has clearly shown there is a need for us to issue additional authoritative guidance.

As our Supreme Court has held, "[w]e must be vigilant and use our discretion only when a demonstrated need justifies a ruling from this Court. Otherwise, the public interest exception would be so broad as to virtually eliminate the notion of mootness. Consequently, we have carefully cabined our review for instance to matters of first impression . . . ." *Collinsworth*, 628 S.W.3d at 87 (internal quotation marks and citations omitted). The standards governing

modification of timesharing are settled and apply with equal vigor to minors who are approaching the age of majority.

The public interest exception requires more than an argument that "the opinion could be of value to future litigants . . . ." *Morgan*, 441 S.W.3d at 102. But that is the exact argument we perceive Christina to make when she asserts in her show cause response that she has "nothing to gain at this point" but addressing this appeal on the merits would prevent family courts in the future from "run[ning] roughshod over the natural obligations of parents to raise their own children." Neither Christina's dissatisfaction with this specific decision nor her general disagreement with the Family Court's methodology are sufficient to apply the public interest exception. This case does not present unique, novel matters of first impression.

In sum, though we recognize Christina's desire to have an opinion which she believes would vindicate her dim view of the Family Court's "bad decision" and overall improper practices, she has not clearly shown that all three elements of the public interest exception have been satisfied.

For the foregoing reasons, it is **ORDERED** that Case No. 2023-CA-1422-MR is dismissed as moot.

ALL CONCUR.

ENTERED: __March 14, 2025__

_____
JUDGE, COURT OF APPEALS


BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Christina Holt Taylor, *pro se*
Scottsville, Kentucky