RENDERED:  JUNE 13, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0558-MR

BRANNON ROWE                                              APPELLANT


            APPEAL FROM MCCRACKEN CIRCUIT COURT
v.                 HONORABLE W. A. KITCHEN, JUDGE
                  ACTION NO. 21-CR-00940


COMMONWEALTH OF KENTUCKY                    APPELLEE


OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  A. JONES, L. JONES, AND KAREM, JUDGES.

KAREM, JUDGE:  Brannon Rowe ("Rowe") appeals the McCracken Circuit Court's order revoking his probation.  However, since Rowe has already served out his sentence for this matter, we dismiss this case as moot.

        On November 8, 2021, Rowe was indicted by information for first-degree possession of a controlled substance (methamphetamine, first offense), possession of marijuana, and possession of drug paraphernalia.  Rowe ultimately

pled guilty, and the circuit court sentenced him to one (1) year imprisonment. On February 25, 2022, the circuit court probated Rowe's sentence for two (2) years, with one of his probation conditions being that he report as directed to his probation officer.

On May 25, 2022, Rowe's probation and parole officer filed a violation report indicating that Rowe had absconded from supervision. As a result, the circuit court issued a bench warrant on June 9, 2022. Rowe was ultimately arrested and served with the bench warrant on February 2, 2024.

On March 6, 2024, the circuit court held a revocation hearing. In a written order entered on March 7, 2024, the circuit court revoked Rowe's probation for absconding and sentenced Rowe to serve the remainder of his one (1)-year sentence. This appeal followed.

## ANALYSIS

On appeal, Rowe asserts that the circuit court abused its discretion by revoking his probation because it did not and could not explain why his actions made him a significant risk to the community at large. Rowe also claims that the circuit court erred in failing to consider graduated sanctions. However, before we analyze these issues, "we must be certain an actual case or controversy exists." *Belt v. Commonwealth, Cabinet for Families and Children*, 520 S.W.3d 406, 408 (Ky. App. 2017). In this case, the circuit court revoked Rowe's probation and

remanded him back into custody in March 2024; thus, Rowe has presumably already served his full sentence of one (1)- year imprisonment.[1]

An issue is moot when it "cannot have any practical legal effect upon a *then* existing controversy." *Id*. (quoting *Norton Hospitals, Inc. v. Willett*, 483 S.W.3d 842, 845 (Ky. 2016)) (emphasis in original). "Appellate courts lack subject matter jurisdiction to decide cases that have become moot." *Commonwealth, Kentucky Bd. of Nursing v. Sullivan University System, Inc.*, 433 S.W.3d 341, 343 (Ky. 2014) (citation omitted). Indeed, "because [Rowe] has already served [his] sentence and owes the Commonwealth nothing more, any decision rendered by this Court would be merely advisory." *Commonwealth v. Collinsworth*, 628 S.W.3d 82, 85 (Ky. 2021). *See also Philpot v. Patton*, 837 S.W.2d 491, 493 (Ky. 1992) ("Our courts do not function to give advisory opinions, even on important public issues, unless there is an actual case in controversy.").

Although there are exceptions to the mootness doctrine, as outlined in *Morgan v. Getter*, 441 S.W.3d 94, 100 (Ky. 2014), the only one that appears potentially applicable to this case is that the issue is "capable of repetition, yet

---

[1] On March 6, 2024, McCracken Circuit Court entered a Commitment Order for Rowe to "serve bal[ance] of 1 [year] sentence." The record shows no orders releasing Rowe prior to the expiration of his sentence. At the time of the writing of this Opinion, over one year has transpired.

evading review[.]" (Citation omitted.) The test for this exception has two elements: "(1) the challenged action must be too short in duration to be fully litigated prior to its cessation or expiration, and (2) there must be a reasonable expectation that the same complaining party will be subjected to the same action again." *Id.* (citation omitted).

In a relatively recent case, the Kentucky Supreme Court explained that "a meaningful difference exists between issues whose shelf life may be measured in days and those which are most often measured in months and years." *Collinsworth*, 628 S.W.3d at 86. Continuing its analysis, the Supreme Court reasoned that, in felony cases, "which often carry stiff penalties and significant periods of incarceration, we can reasonably expect that future litigants will have an opportunity to bring this matter to the Court's attention in a live controversy." *Id.*

Applying this reasoning to the present matter, we cannot say that the arguments Rowe makes on appeal fall into the category of being "capable of repetition, yet evading review." *Id.* at 87. Consequently, we are constrained to dismiss the matter as moot.

For the foregoing reasons, it is ORDERED that this case is dismissed as moot.

ALL CONCUR.

ENTERED: _____06/13/2025_____

JUDGE, COURT OF APPEALS


BRIEF FOR APPELLANT:

Kayley Barnes
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Christopher Henry
Assistant Solicitor General
Frankfort, Kentucky