RENDERED: NOVEMBER 21, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1356-MR

KIMBERLY MAGEE                                                  APPELLANT


v.

APPEAL FROM BULLITT CIRCUIT COURT
HONORABLE MONICA K. MEREDITH, JUDGE
ACTION NO. 10-CI-01555


ANDREW MAGEE                                                 APPELLEE


<u>OPINION AND ORDER</u>
<u>DISMISSING APPEAL AS MOOT AND</u>
<u>DENYING MOTION TO DISMISS</u>

** ** ** ** **

BEFORE: CALDWELL, McNEILL, AND TAYLOR, JUDGES.

CALDWELL, JUDGE: This Court ordered the parties to show cause why this appeal of an order ruling on post-divorce issues related to child custody and support should not be dismissed as moot since the parties' child (a son) turned eighteen while this appeal was pending. The parties filed responses to our order.

In his show cause response, Andrew Magee ("Andrew") contended that the appeal should be dismissed as moot since the child had turned eighteen and

thus reached the age of majority. Kimberly Magee ("Kimberly") disagreed with this contention. However, in our estimation, her show cause response did not clearly articulate why her appeal had not been rendered moot by the parties' child having reached the age of majority—especially since she did not claim the parties' son is disabled and she admitted he had turned eighteen and graduated high school. She did not articulate in her show cause response how any legally cognizable controversy still exists.

Thus, this Court finds that the parties have not shown cause why this appeal should not be dismissed as moot. Courts lack jurisdiction to resolve issues if there is no presently existing controversy for which a rendered judgment can have a practical legal effect. *Belt v. Commonwealth, Cabinet for Families and Children*, 520 S.W.3d 406, 408-09 (Ky. App. 2017).

It is undisputed that the parties' child is not disabled, has reached the age of eighteen, and has graduated high school. Thus, he has reached the age of majority and has legally become an adult. KRS[1] 2.015. Since the parties' son is no longer a minor child, Kentucky courts no longer retain jurisdiction to resolve issues about his custody and care. KRS 23A.110(6) (family court's statutory objectives include: "To make adequate provision for the care, custody, and support of minor children of divorce"); *Anderson v. Johnson*, 350 S.W.3d 453, 456

[1] Kentucky Revised Statutes.

-2-

(Ky. 2011) (construing KRS 403.320 "by saying that a timesharing modification can be done 'whenever' it is in the best interests of the child to do so, the legislature effectively gave the family court continuing jurisdiction to hear such motions until the child reaches the age of majority or is emancipated.") (footnote and emphasis omitted). *See also Turner v. Turner*, 672 S.W.3d 43, 50 (Ky. App. 2023) (order regarding counseling "is by its nature appealable as a decision impacting the custody and care of the minor children").

Moreover, Kimberly does not argue that any recognized exception to the general prohibition against courts' determining moot matters applies here. Nor do we discern that any such recognized exception applies here. *See generally Morgan v. Getter*, 441 S.W.3d 94, 99-103 (Ky. 2014). For example, the issues Kimberly raises on appeal are not "capable of repetition, yet evading review" because the same parties cannot be affected again about such matters relating to the care and custody of a minor child since their son (their only child together) has reached the age of majority. *Id*. at 100-01.

And while Kimberly undoubtedly perceives that the issues she raises on appeal are important to her and her family, this case does not present substantial, recurring issues of importance to the public at large. So, the public interest exception does not apply here either. *Compare id*. at 96-97 ("Although the case has become moot by virtue of the child having turned eighteen years old, we

-3-

recognize that the proper role of a GAL [guardian *ad litem*] is a recurring issue of considerable public importance and, as explained more fully below, we exercise our discretion to address that issue in the context of this case."). Although Kimberly generally contends that the family court judge and Andrew treated her unfairly, she does not identify anything in this case which "poses a substantial question of a public nature certain to recur in many other cases" for which lower courts would benefit from guidance from this Court. *See generally id.* at 103.

In sum, Mother has not shown why this Court should not dismiss this appeal as moot.

## **ORDER**

For the foregoing reasons, we **DISMISS** Appeal No. 2023-CA-1356-MR as **MOOT**. Moreover, we further **DENY** Andrew's motion to dismiss the appeal on other grounds as also **MOOT**.

ALL CONCUR.

ENTERED: _____11/21/25_____         _____
                                     JUDGE, COURT OF APPEALS

-4-

BRIEFS FOR APPELLANT:

Kimberly B. Magee, *pro se*
Shepherdsville, Kentucky

BRIEF FOR APPELLEE:

James R. Miller
Shepherdsville, Kentucky