RENDERED:  MAY 22, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0266-MR


SHANE PARKER AND KRISTA
HUNTER                                                                      APPELLANTS


                     APPEAL FROM WHITLEY CIRCUIT COURT
v.                   HONORABLE PAUL K. WINCHESTER, JUDGE
                     ACTION NO. 22-CI-00267


BRITTANY PARKER                                                              APPELLEE


OPINION
DISMISSING IN PART,
VACATING AND REMANDING IN PART

** ** ** ** **

BEFORE:  EASTON, KAREM, AND TAYLOR, JUDGES.

KAREM, JUDGE: Shane Parker ("Father") and Krista Hunter ("Mother"),[1] the biological parents[2] of S.D.L.P. and K.M.P., appeal *pro se* from the Whitley Circuit Court's order awarding "sole custody and control" of S.D.L.P. and K.M.P. to their former stepmother, Brittany Parker ("Brittany"). Neither Father nor Mother is represented by counsel. And only Father filed a brief in support of the appeal.

On appeal, Biological Parents argue that clear and convincing evidence did not support the circuit court's finding that Father was an unfit parent; that the circuit court erred in failing to join Mother as a party pursuant to Kentucky Rule of Civil Procedure ("CR") 19; and, that the circuit court ignored a 2016 juvenile court finding of child abuse restricting Brittany's contact with S.D.L.P. and K.M.P. Brittany, also *pro se*, failed to file an appellee brief.[3]

Based on our review of the record and applicable law, because S.D.L.P. has reached the age of majority, we dismiss this appeal as it relates to

---

[1] As we will discuss later in this Opinion, although Mother was not included on the notice of appeal in this case, this Court entered an order on December 30, 2025, granting Father's motion to allow Mother to intervene.

[2] We refer to Father and Mother collectively as the "Biological Parents" herein. They never married.

[3] On April 1, 2025, Brittany filed "Appellee's Brief in Opposition to Appeal." On April 9, 2025, this Court sent Brittany a "Notice of Premature Brief" and returned her brief. No other document was filed by Brittany.

him.  We vacate the custody order as it relates to K.M.P.[4] as void *ab initio* because Mother was an indispensable party and was not joined in circuit court.

## FACTUAL AND PROCEDURAL HISTORY

Father and Brittany married on June 10, 2015.  They had no children together; however, Father had two (2) minor children at the time of his and Brittany's marriage: S.D.L.P., born in December 2006, and K.M.P., born in December 2008.  Father and Mother had joint custody of the children with the children residing primarily with Father pursuant to an agreed order entered in Clark Circuit Court on February 23, 2016.

Father and Brittany separated in June 2020.  On June 6, 2022, Brittany filed a petition for an emergency protective order ("EPO") in Whitley District Court for herself and on behalf of the children which the district court granted that same day.  Approximately one month later, on July 7, 2022, Brittany filed a petition for dissolution of marriage with Whitley Circuit Court.

On July 12, 2022, the district court entered a domestic violence order ("DVO") wherein it found that Father had committed domestic violence against

---

[4] K.M.P. will not be eighteen (18) until December 2026; therefore, we decline to dismiss the entire appeal as moot.  However, we recognize that the no-contact provisions of the DVO do not expire until July 2026, and the DVO could very well be extended or amended beyond the date that K.M.P. reaches the age of majority.  Nevertheless, we will proceed with an analysis of the issues raised by the Biological Parents on appeal.

Brittany and the children and granted Brittany temporary custody of the children.[5]

The DVO was entered for one (1) year and was set to expire on July 12, 2023. The

district court later entered an order extending the DVO until July 11, 2026.[6]

Thereafter, on September 5, 2023, in the dissolution of marriage case

in Whitley Circuit Court, Father filed a verified petition for custody of S.D.L.P.

and K.M.P. although the children were not born of the marriage that was the

subject of the dissolution. Brittany responded to the petition on September 12,

2023, and requested that she remain the children's temporary custodian.

Throughout the end of 2023, 2024, and 2025, Father filed various *pro se* "Habeas

Corpus" motions regarding the children, which the circuit court denied.

On March 7, 2024, the circuit court, *sua sponte*, appointed a warning

order attorney ("WOA") for Mother. The WOA filed a report on May 29, 2024,

wherein he stated that he received the certified mail green card signed by Mother,

and thus believed that Mother had notice or knowledge of the proceedings.

Subsequently on June 7, 2024, Mother filed a letter with the court directed to "To

Whom it May Concern" wherein the subject line read as follows: "RE: Response to

---

[5] Mother was not joined in the district court proceedings and was arguably an indispensable party in that case as well. However, the entry of the DVO was not appealed and it is not subject to review by this Court in the case *sub judice*.

[6] This Court was only able to obtain information concerning the DVO from CourtNet. While the record contained a copy of Brittany's petition/motion for order of protection, it did not contain a copy of the DVO, the extension of the DVO, any findings of fact or conclusions of law, or copies of the relevant hearings.

verified petition for custody[.]" In her letter she stated correctly that her parental rights had never been terminated and that she shared custody with Father per Clark Circuit Court order in case 15-CI-00172.[7] She further noted she would not appear in the case *sub judice* for fear of being arrested on an outstanding warrant in a child support case.[8] Lastly, she requested that the children be returned to the Biological Parents' custody.

The circuit court entered a bifurcated decree of dissolution of marriage between Brittany and Father on October 22, 2024, reserving issues of the division of real property, the division of personal property, the allocation of debts, and the division of non-marital property for further hearings. The court made no mention of the custody issue.

Notably, on January 16, 2025, Father filed a motion for Mother to join as a necessary party under CR 19 in the dissolution of marriage proceedings in Whitley County. On January 23, 2025, following a hearing, the circuit court entered a "Final Order" finding Father to be unfit and awarding the sole care and custody of S.D.L.P. and K.M.P. to Brittany. The trial court stated that visitation

---

[7] The case was transferred to Whitley Circuit Court on January 10, 2017. The Whitley Circuit Court case number is 17-CI-00045.

[8] On January 4, 2024, an order of arrest was issued for Mother in case 16-J-50098-002 for failure to pay child support. Although Mother blames Brittany for pursuing child support, the case was initiated in Clark County prior to the filing of the petition for dissolution of marriage between Father and Brittany.

was in Brittany's sole discretion.  The court noted that, if Father completed domestic violence and anger management classes and the district court amended the DVO, Father could request contact with the children.  Following the trial court's "Final Order" the trial court ultimately denied Father's CR 19 motion to join Mother as a party on February 7, 2025.  This appeal followed.

On October 15, 2025, Father filed a motion in the appeal stating, "with the express written consent of [Mother]" he moves this Court to "add [Mother] as Party-Appellant."  As grounds therefore he alleged "despite her physical presence in court on July 12, 2022, she was improperly denied participation by Judge Katy Prewitt."  Notably, Judge Cathy Prewitt was the District Court Judge in Whitley County who originally presided over the DVO proceedings.  The DVO and its subsequent amendment are not the subject of this appeal. Nonetheless, out of an abundance of caution, a panel of three judges of this Court ("Motion Panel") granted Father's motion filed on Mother's behalf to allow her to intervene under Kentucky Rule of Appellate Procedure ("RAP") 9.  The order, entered on December 30, 2025, noted all future filings must be signed by both Father and Mother.

# ANALYSIS

## 1. Motion for Oral Argument

We first address Father's motion for oral argument under RAP 32. Under RAP 38(A), "[o]ral arguments on the merits will be heard in cases designated by the appellate court." We have determined that oral arguments are unnecessary in this case. Therefore, we hereby deny Father's motion by separate order.

## 2. No Appellee Brief

In a case where an appellee does not file a brief, RAP 31(H)(3) provides as follows:

> If the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

"The decision as to how to proceed in imposing such penalties is a matter committed to our discretion." *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007) (citations omitted). Because we are remanding this case due to the trial court's procedural mistake the issue is moot.

### 3. S.D.L.P. No Longer a Minor

We first note that the eldest child in this case, S.D.L.P., was born in December 2006, and is no longer a minor. Nor was he a minor when the circuit court entered its custody order on January 23, 2025.

A court lacks jurisdiction to determine an issue if there is no presently existing controversy for which a rendered judgment can have any practical legal effect. *Belt v. Commonwealth, Cabinet for Families and Children*, 520 S.W.3d 406, 408-09 (Ky. App. 2017). Thus, because S.D.L.P. was not a minor child when the circuit court entered its final order, the court lacked jurisdiction to make any findings in relation to his custody. *See* Kentucky Revised Statute ("KRS") 23A.110(6) (stating that a family court's "underlying purposes" include: "[t]o make adequate provision for the care, custody, and support of *minor children* of divorce"). Therefore, we reverse and vacate the circuit court's order insofar as it relates to S.D.L.P. As an adult, he is free to decide with whom he resides.

### 4. Motion to Join – CR 19

On January 16, 2025, Father filed a motion for Mother to be joined as a necessary party in the dissolution of marriage proceedings in Whitley County. However, on February 7, 2025, the trial court specifically overruled Father's motion to join Mother under CR 19 which governs who should be joined as a party if feasible.

A person who is subject to service of process, either personal or constructive, shall be joined as a party in the action if (a) in his absence complete relief cannot be accorded among those already parties, or (b) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

*Id.* As to joinder, we are mindful,

[t]he decision as to necessary or indispensable parties rests within the sound authority of the trial judge in order to effectuate the objectives of the rule. The exercise of discretion by the trial judge should be on a case-by-case basis rather than on arbitrary considerations and such a decision should not be reversed unless it is clearly erroneous or affects the substantial rights of the parties.

*Commonwealth, Dep't of Fish & Wildlife Res. v. Garner*, 896 S.W.2d 10, 14 (Ky. 1995) (quoting *West v. Goldstein*, 830 S.W.2d 379 (Ky. 1992)).

*Sub judice*, a 2016 Circuit Court order exists naming Mother as joint custodian of S.D.L.P. and K.M.P. Clearly, Mother is a prime example of a party whose interest is sought to be protected by CR 19. Mother is an unnamed party who maintains an interest relating to custody which was the subject of the action.

Moreover, the disposition of the action in Mother's absence may impair or impede her ability to protect her custodial interest. As such, Mother was an indispensable party. The trial judge's decision to deny joinder was clearly erroneous. As a result, the judgment regarding custody was void *ab initio* and must therefore be vacated in whole as it relates to custody. All remaining arguments of the Biological Parents are therefore moot.

## CONCLUSION

For the foregoing reasons, we DISMISS the appeal as to S.D.L.P.; we VACATE, as void *ab initio*, the judgment of Whitley Circuit Court regarding the custody of K.M.P.; and, we remand the case for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:        NO BRIEF FOR APPELLEE.

Shane Parker, *pro se*
London, Kentucky