RENDERED:  JUNE 26, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0790-MR

KYLE LINK                                                                        APPELLANT

v.
APPEAL FROM MEADE CIRCUIT COURT
HONORABLE KENNETH H. GOFF II, JUDGE
ACTION NO. 22-CI-00009

KAYLA LINK                                                                        APPELLEE

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND KAREM, JUDGES.

KAREM, JUDGE:  Kyle Link appeals from the Meade Circuit Court's findings of

fact, conclusions of law, and judgment, entered on May 22, 2025.  Upon careful

review, we conclude that the appeal must be dismissed as moot.

On January 13, 2022, Kyle filed a petition for custody and parenting

time of N.W.L., the biological child of his former wife, Kayla Link.  The circuit

court denied the petition.  On direct appeal, this Court remanded the case to the

circuit court with directions to make further findings regarding whether Kayla had partially waived her superior parental rights to N.W.L. *Link v. Link*, 704 S.W.3d 698, 709 (Ky. App. 2024), *discretionary review denied* (Feb. 13, 2025). On remand, the circuit court did not find clear and convincing evidence of waiver, and it again dismissed Kyle's petition. This appeal by Kyle followed.

The record indicates that N.W.L. was born on April 11, 2008. He reached the age of eighteen during the pendency of this appeal. Under Kentucky Revised Statutes (KRS) 2.015, the age of majority in Kentucky is eighteen. Parents have custody of their child until the child is eighteen, unless the child has a permanent physical or mental disability. KRS 405.020(1) and (2).

Family courts are specifically tasked with making "adequate provision for the care, custody, and support of *minor children* of divorce[.]" KRS 23A.110(6) (emphasis supplied). A parent does not have the right to custody or timesharing with an adult. "[B]y saying that a timesharing modification can be done 'whenever' it is in the best interests of the *child* to do so, the legislature effectively gave the family court continuing jurisdiction to hear such motions until the child reaches the age of majority or is emancipated." *Anderson v. Johnson*, 350 S.W.3d 453, 456 (Ky. 2011) (footnote omitted). We have "no jurisdiction to decide issues which do not derive from an actual case or controversy." *Belt v. Commonwealth Cabinet for Families and Children*, 520 S.W.3d 406, 408 (Ky.

App. 2017) (citation omitted). "A case becomes moot when a rendered judgment cannot have any practical legal effect upon a *then* existing controversy." *Id.* (quoting *Norton Hosps., Inc. v. Willett*, 483 S.W.3d 842, 845 (Ky. 2016)). "And [t]he general rule is, and has long been, that where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed." *Id.* (citation omitted).

Because N.W.L. is no longer a minor child, this court does not retain jurisdiction to address issues concerning his custody and timesharing, and any ruling we issued would be advisory at best. Due to our system of separated powers, we may not issue advisory opinions. *Morgan v. Getter*, 441 S.W.3d 94, 98–99 (Ky. 2014). The exception for cases "capable of repetition, yet evading review," does not apply here. *Id.* at 100. This case presents a unique, highly fact-specific situation that will never arise again because N.W.L. has reached the age of majority and is free to decide whether he wishes to reside or spend time with Kyle or Kayla.

For the foregoing reasons, we DISMISS Appeal No. 2025-CA-0790-MR as MOOT.

ALL CONCUR.


ENTERED: ____06/26/2026____

HON. ANNETTE C. KAREM
JUDGE, COURT OF APPEALS


BRIEFS FOR APPELLANT:

Charles D. Brown, Jr.
Abby L. Braune
Louisville, Kentucky

BRIEF FOR APPELLEE:

Lyn Taylor Long
Elizabethtown, Kentucky